Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000414
30-SEP-2014
08:45 AM

NO. CAAP-13-0000414

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
RAYMOND THORP, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 12-1-0781)


SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Raymond M. Thorp (**Thorp**) appeals from the March 18, 2013 Judgment of Conviction and Sentence, for Theft in the Second Degree in violation of HRS § 708-831 (Supp. 2013), which was entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]

Thorp raises two points of error on appeal, contending that:  (1) the Circuit Court erred when it denied Thorp's motion for judgment of acquittal based on the State's alleged failure to prove the value of the stolen items exceeded $300; and (2) the Circuit Court abused its discretion when it sentenced Thorp to five years of imprisonment despite the facts of the case and his family circumstances.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[1]  The Honorable Judge Karen S.S. Ahn presided.

the arguments advanced and the issues raised by the parties, we resolve Thorp's points of error as follows:

(1)   In order to prove second-degree theft, the State must establish the following elements beyond a reasonable doubt that the defendant intended to:[2]   (1) obtain or exert unauthorized control over the property of another; (2) deprive the other of the property; and (3) deprive the other of property that exceeds $300 in value.[3]   Value "means the market value of the property or services at the time and place of the offense, or the replacement cost if the market value of the property or services cannot be determined[.]"   HRS § 708-801(1) (Supp. 2013).

In the instant case, Mark Nowicki (**Nowicki**) testified that each stolen pipe had a wholesale price of $150 and a retail price of $300.   Nowicki based his opinion on the costs of materials, labor, and overhead, as well as on his experience selling similar pipes in the course of his business.   Christopher Schoney (**Schoney**) testified that he estimated that the pipes were worth several hundred dollars.   The State also introduced the Oahu Glass Tubes wholesale catalog, which listed prices for the "Heady Beaker" pipe at $150 wholesale and $300 retail.

Additionally, the State presented evidence that Thorp sold two of the stolen Oahu Glass Tubes water pipes to Russell Taft (**Taft**) at Pipe Dreams on May 10, 2012 for $160.   During a phone conversation on May 15, 2012, Thorp and Taft also agreed on the same price for the additional two pipes that Thorp would bring in on May 16, 2014.

We reject Thorp's argument that the State was required to call an expert appraiser to establish value.   Thorp's argument

---

[2]      HRS § 701-114 (1993); see also State v. Mitchell, 88 Hawai'i 216, 222, 965 P.2d 149, 155 (App. 1998).

[3]      HRS § 708-830(1) (Supp. 2013) defines "theft" as "[o]btain[ing] or exert[ing] unauthorized control over the property of another with intent to deprive the other of the property."   Under HRS § 708-831(1)(b) (Supp. 2013), the value of the property must "excee[d] $300" in order for the theft to constitute second-degree theft.   See also Mitchell, 88 Hawai'i at 223, 965 P.2d at 156 (holding that the State must prove that the defendant intended to steal property exceeding $300 in value to establish guilt for second degree theft).

that his failure to have consummated the second sale of the stolen pipes is relevant to their value is without merit. We conclude that the record contains sufficient evidence to support Thorp's conviction.

(2) A trial court is "duty-bound to consider" the factors set forth in HRS § 706-606[4] before imposing a sentence. State v. Sinagoga, 81 Hawai'i 421, 428, 918 P.2d 228, 235 (App. 1996), overruled on other grounds by State v. Veikoso, 102 Hawai'i 219, 74 P.3d 575 (2003). However, "[t]he fact that a court does not orally address every factor stated in HRS § 706-606 at the time of sentencing does not mean the court failed to consider those factors." Id. "'The weight to be given the factors . . . is a matter generally left to the discretion of the sentencing court, taking into consideration the circumstances of each case.'" State v. Kong, 131 Hawai'i 94, 101, 315 P.3d 720, 727 (2013) (quoting State v. Akana, 10 Haw. App. 381, 386, 876 P.2d 1331, 1334 (1994)). An appellant must show that the sentencing court abused its discretion. State v. Kahapea, 111 Hawai'i 267, 278, 141 P.3d 440, 451 (2006).

While Thorp does not expressly contend that the court failed to consider the sentencing factors set forth in HRS

---

[4]     HRS § 706-606 (1993) provides:

§ 706-606 **Factors to be considered in imposing a sentence.** The court, in determining the particular sentence to be imposed, shall consider:
(1)     The nature and circumstances of the offense and the history and characteristics of the defendant;
(2)     The need for the sentence imposed:
    (a)     To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
    (b)     To afford adequate deterrence to criminal conduct;
    (c)     To protect the public from further crimes of the defendant; and
    (d)     To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3)     The kinds of sentences available; and
(4)     The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

§ 706-606, he argues that the sentence of five years was "unwarranted and unduly harsh under the circumstances of this case." The record demonstrates that the Circuit Court carefully considered Thorp's arguments, including his family circumstances, as well as his criminal history, history of substance and alcohol abuse, limited employment, and other issues. It appears that the Circuit Court weighed all of these factors before imposing Thorp's sentence. We conclude that the Circuit Court did not abuse its discretion in sentencing Thorp to a maximum of five years of imprisonment.

For these reasons, the Circuit Court's March 18, 2013 Judgment of Conviction and Sentence is affirmed.

DATED: Honolulu, Hawai'i, September 30, 2014.

On the briefs:

Venetia K. Carpenter-Asui
for Defendant-Appellant

Loren J. Thomas
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge